UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph Franklin Fejeron Drake, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-00673      (F-Deck) |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 4/11/2016 |
| ) | Description: Pro Se Gen. Civil |
| Bureau of Prisons *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania. He sues the U.S. Bureau of Prisons and the U.S. Probation Department for money damages under the Privacy Act, 5 U.S.C. § 552a. Plaintiff alleges that the defendants have failed to maintain accurate records in his "institution[al] inmate central file" and that failure is adversely affecting his custody and security classification. Compl. ¶ 2. According to plaintiff, his inmate file "contains information regarding a prior 'juvenile escape'" that has been used against him since 1994. *Id.* ¶ 6. He seeks $10,000 in damages and an order vacating, expunging or sealing the record. *Id.* at 7.

It is established that the BOP has properly exempted its inmate central files from the Privacy Act's accuracy and amendment requirements and, thus, from an ensuing claim for money damages. *Skinner v. U.S. Dep't of Justice & Bureau of Prisons*, 584 F.3d 1093, 1096-97

(D.C. Cir. 2009). *See Donelson v. Fed. Bureau of Prisons*, No. 15-5136, 2015 WL 9309944, at *1 (D.C. Cir. Dec. 7, 2015) ("The district court properly determined that appellant could not sustain a claim under the Privacy Act because Bureau of Prisons inmate records systems . . . are exempt from the Act's amendment and accuracy requirements. Further, because appellant's claim for damages under the Privacy Act is premised on violations of 5 U.S.C. § 552a(d) and § 552a(e)(5), that claim is barred by Bureau of Prisons . . . regulations exempting the relevant systems of records from the requirements of those provisions.") (citing *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Skinner v. Bureau of Prisons*, 584 F.3d 1093, 1097 (D.C. Cir. 2009) (other citations omitted)). In addition, "[f]ederal probation offices are administrative units of the United States courts, and thus are not subject to the Privacy Act." *Fuller-Avent v. U.S. Prob. Office*, 226 Fed. App'x 1, 2 (D.C. Cir. 2006) (per curiam) (citations omitted). Hence, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: April 6, 2016

United States District Judge